UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**SUSAN BANKS**,                            CASE NO: 0:22-CV-60747
   *Plaintiff,*

v.

**CYPRESS CHASE CONDOMINIUM
ASSOCIATION "B" INC., AND
ANDRE BUJOLD, INDIVIDUALLY**
   *Defendants.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, SUSAN BANKS, (hereinafter "Plaintiff" or "Mrs. Banks") by and through the undersigned counsel and sues the Defendant, CYPRESS CHASE CONDOMINIUM ASSOCIATION "B" INC. (hereinafter, "Cypress Chase" or "Defendant Cypress Chase") and ANDRE BUJOLD (hereinafter "Bujold" or "Defendant Bujold") and as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 29 U.S.C §1331, 29 U.S.C § 1343 and 29 in that this is a civil action arising under the Civil Rights Act of 1866, 42 U.S.C. § 1981("Section 1981").

1

2. Venue lies pursuant to 28 U.S.C. §1391(b), as Plaintiff's claims arise out of her employment relationship with the Defendants, in that a substantial part of the events or motions giving rise to the claim occurred in this district which is located in the United States District Court for the Southern District of Florida.

## PARTIES

1. Plaintiff, Susan Banks resides in Broward County, Florida. At all material times was employed with the Defendant within the meaning of Section 1981, Civil Rights Act of 1866 42 U.S.C. § 1981.

2. Cypress Chase Condominium Association "B" Inc. is a Florida Limited Liability Company and at all relevant times doing business in the State of Florida, in this Judicial District, with a physical address of 4898 NW 29TH Court, Lauderdale Lakes, FL 33313. Cypress Chase is a private residential condominium community for persons ages 55 and older.

3. Andre Bujold is an individual with a physical address of 4898 NW 29TH Court, Unit 135, Lauderdale Lakes, Florida 33313. Bujold is an active board member of Cypress Chase and also resides within the condominium community.

## GENERAL ALLEGATIONS

4. At all times material, Defendant Cypress Chase and Defendant Bujold acted with malice and reckless disregard for Plaintiff's federal and protected rights because of her race.

5. At all times material, the Plaintiff was qualified to perform her job duties within the expectations of her employer.

6. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay counsel a reasonable fee for their services.

7. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

8. There are no administrative prerequisites required before the filing of this Complaint pursuant to 42 U.S.C. § 1981.

## FACTUAL ALLEGATIONS

9. Plaintiff Susan Banks, African American, was formerly employed with the Defendant.

10. Mrs. Banks was hired as an employee by the Defendant on or around March 15, 2016 .

11. Mrs. Banks was hired as a full-time employee as an administrative assistant.

12. Mrs. Banks worked on a full-time basis working forty (40) or more hours each week.

13. Mrs. Banks' immediate supervisors were the annually elected members of the Cypress Chase board.

14. Defendant employed the Plaintiff and one other individual at the workplace. The other individual was a contracted employee.

15. Mrs. Banks' work duties entailed daily interactions with members of the board, residents and public regarding the needs of the Cypress Chase that included: data input into spreadsheets and databases, review and organization of residential applications, preparation of correspondence and documents, notification to residents of meetings, and fulfill requests by the annually elected members of the board of directors.

16. Plaintiff was an exemplary employee during her entire tenure with Defendant Cypress Chase. Plaintiff never missed a day of work and never took an extended leave. In the six (6) years of her employment, she only was out of work for a total of four (4) days.

17. On or around February 2020, annual elections resulted in a change of the members of the board of directors.

18. During this round of elections Defendant Bujold (Caucasian), was elected as a member of the board of directors.

19. On or around September 2020 Defendant Bujold began to engage in aggressive behavior towards Plaintiff. Defendant Bujold would accuse Plaintiff of failing to complete job duties, yell at Plaintiff, calling her a "liar," and physically intimidating her by approaching in a close manner.

20. Plaintiff reported the behavior of Defendant Bujold to the then President of the Board, Jennifer Deans and another member of the board. Ms. Deans was alerted by Plaintiff that Defendant Bujold was engaging in random, unprovoked, aggressive verbal and physical actions towards her and she believed it was because of her race.

21. The other contracted employee, who identifies as a white, Hispanic male was never subjected to the aggressive verbal and physical attacks, questioning of his integrity, or close monitoring of his job duties.

22. Defendant Bujold continued to confront Plaintiff even after the initial complaints, openly accusing her of being a "liar." Defendant Bujold would angrily direct Plaintiff by stating "this better be in here when I check tomorrow." He would then state, "I have to check on you people."

23. On or around March 2021, the behavior of Defendant Bujold became so intolerable to Plaintiff, she again complained to Ms. Deans. Plaintiff notified Ms. Deans of a self-imposed limitation of email contact only with Defendant Bujold in order to avoid his racially charged verbal attacks and intimidating behavior.

24. Despite Plaintiff's attempt to evade any interaction with Defendant Bujold, his actions towards Plaintiff escalated. He began to stalk Plaintiff's work area. Plaintiff's work area was in a secure location; and could only be entered by a code or key. Plaintiff typically spent the majority of her workday in the office alone until Bujold would begin to frequent the office.

25. Defendant Bujold, after Plaintiff's complaints, would enter into Plaintiff's assigned work area, stare for several moments at Plaintiff, and state, " I have to check on you people to make sure you are doing your job." "you have been lying" he would then exit the office. These actions and comments occurred approximately ten (10) to fifteen (15) times after her complaints in March 2021.

26. Defendant Bujold, when he did not enter the office, would position himself at the front door of Plaintiff's office and would peer in

through the glass door staring at Plaintiff for several moments. This occurred on multiple occasions after her complaints.

27. On around June 2021, Defendant Bujold began to falsely relay to other members of the board that Plaintiff was engaging in unprofessional conduct towards residents and visitors.

28. On around July 2021, Defendant Bujold sat in the lobby near Plaintiff's office from 12PM-4PM watching Plaintiff while she was working. Defendant Bujold did not present with any items or engage in any tasks, he only stared at Plaintiff. During the time Defendant Bujold was present, he made audible comments "always lying" and "having to watch people like you."

29. Plaintiff reported this incident to a Board member.

30. After Plaintiff's last report about Defendant Bujold, Plaintiff was abruptly terminated from her employment, without notice on August 13, 2021.

## COUNT I

### CIVIL RIGHTS ACT OF 1866 42 U.S.C. § 1981 – RACE DISCRIMINATION

31. Plaintiff re-alleges and adopts as set forth herein, each and every allegation in Paragraphs one (1) through thirty-one (31) as if fully set forth herein.

32. Plaintiff is a member of a protected class under, Civil Rights Act of 1866, 42 U.S.C. § 1981(a).

33. Plaintiff was an employee, and Defendant Cypress Chase was her employer covered by and within the meaning of the Civil Rights Act of 1866, 42 U.S.C. § 1981(a).

34. Plaintiff was an employee and Defendant Bujold is an active member of the board of directors of Cypress Chase who held and exercised supervisory duties over Plaintiff.

35. By the conduct described above, Defendant Cypress Chase a private employer deprived Plaintiff of the same rights as enjoyed by white citizens to the creation, performance and all benefits and privileges of her contractual employment relationship because of her race, in violation of Section 1981.

36. By the conduct described above, Defendant Bujold a board member of Cypress Chase, deprived Plaintiff of the same rights as enjoyed by white citizens to the creation, performance and all benefits and privileges of

her contractual employment relationship because of her race, in violation of Section 1981.

37. As a result of Defendant Cypress Chase and Defendant Bujold's discrimination in violation of Section 1981, the Plaintiff was denied employment opportunities providing substantial compensation and benefits.

38. Defendants Cypress Chase and Bujold unlawful discriminatory employment practices toward Plaintiff because of her race were intentional and deliberate.

39. Defendants Cypress Chase and Bujold unlawful and discriminatory employment practices were done with malice or reckless indifference to protected rights of the Plaintiff.

40. As a direct and proximate result of the Defendants Cypress Chase and Bujold unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

41. To remedy the violations of the rights of Plaintiff secured by Section 1981, Civil Rights Act of 1866 Title VII, Plaintiff requests that the Court award the relief prayed for below.

**COUNT II**

## CIVIL RIGHTS ACT OF 1866 42 U.S.C. § 1981 – HARASSMENT - HOSTILE WORK ENVIRONMENT

42. Plaintiff re-alleges and adopts as set forth herein, each and every allegation in Paragraphs one (1) through thirty-one (31) as if fully set forth herein.

43. Plaintiff is a member of a protected class Civil Rights Act of 1866, 42 U.S.C. § 1981.

44. Plaintiff was an employee, and Defendant Cypress Chase was her employer covered by and within the meaning of Civil Rights Act of 1866, 42 U.S.C. § 1981.

45. Plaintiff was an employee and Defendant Bujold is an active member of the board of directors of Cypress Chase who held and exercised supervisory duties over Plaintiff.

46. Defendants have violated Section 1981 by subjecting Plaintiff to harassment by Defendant Bujold on the basis of race and by terminating Plaintiff's employment because of her race.

47. The conduct of Defendant Cypress Chase and Bujold was not welcomed by Plaintiff.

48. The conduct of Defendant Cypress Chase and Bujold was motivated by the fact that Plaintiff is African American.

49. The conduct of the Defendant Cypress Chase and Bujold was so severe and pervasive which caused Plaintiff to be exposed to a work environment to be hostile and abusive.

50. Plaintiff, because of her race, believed her work environment to be hostile and abusive as a result of the conduct of Defendant Cypress Chase and Defendant Bujold.

51. Plaintiff, because of her race, suffered an adverse tangible employment action as a result of the hostile work environment and was terminated from her employment.

52. Defendant Cypress Chase and Defendant Bujold subjected Plaintiff to unlawful and practices that were intentional and deliberate.

53. Defendants unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal protected rights of the Plaintiff.

54. As a direct and proximate result of Defendant Cypress Chase and Defendant Bujold harassment and hostile work environment, conduct in

violation of Section 1981, Plaintiff because of her race has suffered and continues to suffer from a tangible employment action.

55. To remedy the violations of the rights of Plaintiff secured by Section 1981, Plaintiff requests that the Court award the relief prayed for below.

## COUNT III

## CIVIL RIGHTS ACT OF 1866 42 U.S.C. § 1981 – RACE DISCRIMINATION – (RETALIATION)

56. Plaintiff re-alleges and adopts as set forth herein, each and every allegation in Paragraphs one (1) through thirty-one (31) as if fully set forth herein.

57. Plaintiff is a member of a protected class within the meaning of Section 1981.

58. Plaintiff was an employee, and the Defendant was her employer covered by and within the meaning of Section 1981.

59. Plaintiff was an employee and Defendant Bujold is an active member of the board of directors of Cypress Chase who held and exercised supervisory duties over Plaintiff.

60. Defendants have violated Section 1981 by subjecting Plaintiff to retaliation for her protected complaints and opposition to Bujold's discriminatory comments on the basis of race by terminating Plaintiff's employment.

61. Defendant Cypress Chase and Defendant Bujold unlawful and retaliatory employment practices toward Plaintiff because of her race were intentional.

62. Defendants unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal protected rights of the Plaintiff.

63. As a direct and proximate result of Defendant Cypress Chase and Defendant Bujold unlawful retaliatory conduct in violation of Section 1981, Plaintiff because of her race has suffered and continues to suffer from an adverse employment action.

64. To remedy the violations of the rights of Plaintiff secured by Section 1981, Plaintiff requests that the Court award the relief prayed for below.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, the Plaintiff demands judgment against Defendant Cypress Chase and Defendant Bujold and prays for the following relief:

A. Award the Plaintiff back pay and benefits;

B. Prejudgment interest on back pay and benefits;

C. Front pay and benefits;

D. Compensatory damages for mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

E. Punitive damages;

F. Attorneys' fees and costs;

G. Injunctive Relief; and

H. Award Plaintiff all other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Date: April 15, 2022               By: /s/Octavia Brown
                                   **Octavia Brown, Esq.,**
                                   Florida Bar Number: 0011778
                                   Octavia.brown@community-lawyer.com
                                   **Community Law, PLLC**
                                   3104 N. Armenia Avenue, STE 2
                                   Tampa, Florida 33607
                                   PH:   (813) 822-3522

FAX: (863) 250-8228
*Trial Attorney for Plaintiff*