# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

**SUSAN BANKS,**                                                   **CASE NO: 0:22-CV-60747**
    *Plaintiff,*

    v.

**CYPRESS CHASE CONDOMINIUM**
**ASSOCIATION "B" INC., AND**
**ANDRE BUJOLD, INDIVIDUALLY**
    *Defendants.*

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT

Plaintiff, SUSAN BANKS, (hereinafter "Plaintiff" or "Mrs. Banks") by and through the undersigned counsel hereby submits her opposition to the Defendant, CYPRESS CHASE CONDOMINIUM ASSOCIATION "B" INC. (hereinafter, "Cypress Chase" or "Defendant Cypress Chase") and ANDRE BUJOLD (hereinafter "Bujold" or "Defendant Bujold") Motion to Dismiss Count I and Count II of Plaintiff's Complaint with Incorporated Memorandum of Law.  Plaintiff's Complaint sufficiently alleges a claim under section 1981 of the Civil Rights Act of 1866, 42 U.S.C § 1981 ("Section 1981" ) under Count I, for Race Discrimination and Count II for Hostile Work Environment.  Accordingly, Defendants' motion should be denied.

    I.    ***Plaintiff's claims are sufficiently stated in Count I.***

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal* 556 U.S. 662, 678, 129 S. Ct. 1937, 173l L.Ed.2d 868 (2009). Defendants' move to dismiss Plaintiff's Complaint because they allege that "plaintiff must point to comparators of a different race who were 'similarly situated in all material aspects' and were not subject to the same mistreatment." (Def. Mot. p. 8 citing to *McDonnell Douglas Corp v. Green,* 411 US 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). In support of their Motion, Defendants heavily rely on the racial discrimination prerequisites for complaints filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., ("Title VII"), rather than Section 1981. Moreover, Defendants' arguments in their motion, erroneously rely on the *McDonnell* burden-shifting framework and the use of comparators as a basis for their motion to dismiss, which are measures while they can be utilized in Section 1981 cases, are reserved in this instance for Title VII cases. Their reliance on *McDonnell* is improper as Plaintiff's Complaint does not include any alleged claims filed pursuant to Title VII. Then, Defendants' motion attempts to assert that Plaintiff's Complaint only contained "circumstantial evidence" regarding racial

discrimination. Plaintiff's Complaint provides details of direct proof of discriminatory actions based on race, however; even if the acts were only incidental, *McDonnell* sought only to supply a tool for assessing claims, typically at summary judgment, when the plaintiff relies on indirect proof of discrimination, *Comcast Corp. v. Nat. Assn. African American-Owned* 140 S. Ct. 1009 (2020) citing *McDonnell* 802-805; see also *Furnco Const. Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978), thus is inapplicable here.

In order to state a discrimination claim under Section 1981, the Plaintiff must sufficiently allege the following: (1) that the Plaintiff is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute *Jackson v. BellSouth Telecomms.*, 372 F.Ed 1250, 1279 11th Cir. 2004); see also *Civil Rights Act of 1866*, 42 U.S.C § 1981 section a-e. Any § 1981 claim, therefore, must initially identify an impaired contractual relationship. *Domino's Pizza, Inc. v. McDonald,* 5465 U.S. 470, 476 (2006). Plaintiff is an African American woman (Comp. ¶9). This meets the first prong. Second, in the Complaint, Plaintiff sufficiently alleged facts of her innumerable encounters with a Cypress Chase board member regarding overtly pervasive actions and language demonstrating their actions occurred because of her race.

3

To demonstrate this, in the Complaint Plaintiff provided the explicit language used by Defendant Bujold of "you people," (Comp. ¶ ¶ 20, 22, 25, 28) , which is a term with historical reference towards persons of color, which disconnects a targeted minority population from the majority for the purpose of discriminatory treatment and or marginalization. Moreover, Plaintiff, prior to her termination voiced her belief that her race (Comp. ¶ 20), was the cause of her treatment by Defendant Bujold. Third, the discrimination Plaintiff complained of occurred during the course of her employment with Defendants. Plaintiff provided services in which there was an exchange for wages with the Defendants for the services she provided to the board. Plaintiff contends this was a contractual relationship, which was unlawfully severed due to the actions of the Defendants because of her race. Plaintiff has met the preconditions to establish a Section 1981 racial discrimination claim in her Complaint. Accordingly, Defendants' motion should be denied.

I. *Plaintiff's Count II establishes a claim for hostile work environment under Section 1981.*

Plaintiff's allegations are sufficient to establish a hostile work environment pursuant to Section 1981. In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the allegations in the complaint are

accepted as true and construed in a light most favorable to the plaintiff. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686m 694 (11th Cir. 2016). Even though heightened pleading is not required in discrimination cases, the complaint must still give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). A claim for hostile work environment under these statutes requires the plaintiff to show that (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or of direct liability, *Oveido v. Bozzuto & Associates, Inc.*, 2021 WL 5883139, 2 (S.D. Fla. 2021), citing *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). A hostile work environment, by its "very nature involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115, 122 S.Ct. 2062, 153 L.Ed.2d 106 (2002).

Plaintiff's Complaint alleges more than a mere isolated incident or a misunderstanding. Defendant subjected Plaintiff to ongoing acts of verbal,

mental and physical attacks and intimidation because of her race. The onset of the attacks began in September 2020; and were ongoing, repetitive and culminated in her unlawful termination ten (10) months later. However, during those ten (10) months, Plaintiff, was subjected to unprecedented actions while at the workplace that the Defendant attempts to characterize as playful banter or a misunderstanding to dilute the acts of actions of the Defendant as simply being rude. To the contrary, Defendants actions were initiated and continuously utilized creating an abusive hostile environment at Plaintiff's workplace. For instance, on or around September 2020 Defendant Bujold began to engage in physically aggressive behavior towards Plaintiff; while this in itself is shocking to occur on even one occasion; Defendant Bujold would continue to accuse Plaintiff of failing to complete job duties, yell at Plaintiff, calling her a "liar," and physically intimidating her by approaching in a close manner or countless occasions afterwards. (Comp. ¶ 19). Plaintiff's complaints to the board president in September 2020 had no effect on abating the attacks. Defendant Bujold continued to confront Plaintiff even verbally and physically after the initial complaints, openly accusing her of being a "liar." Defendant Bujold would angrily direct Plaintiff by stating "this better be in here when I check tomorrow." He would then state, "I have to check on you people."

(Comp. ¶ 22). [M]istreatment based on race or other prohibited characteristics, including subjection to adverse conditions, is actionable even if the mistreatment does not rise to the level of a tangible employment action, but only if the mistreatment is "sufficiently severe or pervasive" that it can be said to alter the terms, conditions, or privileges of employment. *Monahan v. Worldplay US, Inc.,* 955 F.3d 855 (11th Cir. 2020); S*ee also Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1275 (11th Cir. 2002) (quoting *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Plaintiff, after receiving no protection from the Board from the ongoing and repeated actions of Bujold, engaged in a" self-imposed limitation of email contact only with Defendant Bujold in order to avoid his racially charged verbal attacks and physically intimidating behavior." (Comp. ¶ 20). Plaintiff's attempt to protect herself only led to heightened scrutiny. Defendant Bujold, after Plaintiff's complaints, would enter into Plaintiff's assigned work area, stare for several moments at Plaintiff, and state, " I have to check on you people to make sure you are doing your job," "you have been lying" he would then exit the office. These actions and comments occurred approximately ten (10) to fifteen (15) times after her complaints in March 2021. (Comp. ¶ 25). Defendant Bujold, when he did not enter the office, would position himself at the front door of

Plaintiff's office and would peer in through the glass door staring at Plaintiff for several moments. This occurred on multiple occasions after her complaints. (Comp. ¶ 26). The behavior of the Defendants was perceived to be severe and pervasive by Plaintiff and is so stated in her Complaint.[1]

## II.   *Conclusion*

Plaintiff's Complaint sufficiently alleges a claim under section 1981 of the Civil Rights Act of 1866, 42 U.S.C § 1981 ("Section 1981" ) under Count I, for Race Discrimination and Count II for Hostile Work Environment. Accordingly, Defendants' motion should be denied.

Respectfully submitted,

Date: July 5, 2022

By: /s/Octavia Brown
**Octavia Brown, Esq.,**
Florida Bar Number: 0011778
Octavia.brown@community-lawyer.com
**Community Law, PLLC**
3104 N. Armenia Avenue, STE 2

---

[1] But Title VII comes into play before the harassing conduct leads to a nervous breakdown. A discriminatorily abusive work environment, even one that does not seriously affect employees' psychological well-being, can and often will detract from employees' job performance, discourage employees from remaining on the job, or keep them from advancing in their careers. Moreover, even without regard to these tangible effects, the very fact that the discriminatory conduct was so severe or pervasive that it created a work environment abusive to employees because of their race, gender, religion, or national origin offends Title VII's broad rule of workplace equality. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); also quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57 (1986). So long as the environment would reasonably be perceived, and is perceived, as hostile or abusive, *Meritor at 67,* there is no need for it also to be psychologically injurious.

Tampa, Florida 33607
PH: (813) 822-3522
FAX: (863) 250-8228
*Trial Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 5, 2022, I electronically filed the foregoing document via with the Clerk of the Southern District of Florida using the CM/ECF system, which will send notice of electronic filing to the following:

**KAUFMAN DOLOWICH & VOLUCK, LLP**
Benny Menaged, Esq.
FBN: 1008200
Email: benny.menaged@kdvlaw.com
Joseph M. Cobo, Esq.
FBN: 114204
Email: jcobo@kdvlaw.com
One Financial Plaza
100 S.E. 3rd Ave., Suite 1500
Fort Lauderdale, FL 33394
Tel. (954) 302-2360
Fax: (888) 464-7982
*Counsel for Defendants*

By: /s/Octavia Brown
**Octavia Brown, Esq.,**

9