UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 22-60747-CIV-MORENO**

SUSAN ELEANOR BANKS,

    Plaintiff,

vs.

CYPRESS CHASE CONDOMINIUM
ASSOCIATION B, INC. and ANDRE
BUJOLD,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

This is an employment discrimination case. Susan Banks is suing her former employer, Cypress Chase Condominium Association "B" Inc. and a member of its Board of Directors, Andre Bujold. She alleges race discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981. The Association and Bujold have moved to dismiss the counts for discrimination and hostile work environment for failure to state a claim, **(D.E. 16)**. The Court has considered the motion, the opposition, and the reply, as well as the pertinent portions of the record. Being otherwise fully advised in the premises, it is adjudged that the motion is **GRANTED**.

**I.   Background**

These are the facts as alleged in the complaint. Susan Banks is an African American woman and former employee of Cypress Chase Condominium Association "B" Inc. The Association hired Banks in March 2016 as a full-time administrative assistant. In that role, she maintained an exemplary performance record until her unexpected termination in August 2021.

The Cypress Chase Board of Directors supervised Banks. Bujold joined the Board in February 2020. In September of that same year, Bujold began to "engage in aggressive behavior towards" Banks. According to Banks, he would accuse her of failing to complete her job duties, yell at her, call her a liar, and physically intimidate her by "approaching her in a close manner." Banks worked with only one other employee: a white-Hispanic male who was a "contract[]" worker. Bujold did not subject this employee to the same treatment as Banks. At some point, Banks reported this behavior to the Board's president, Jennifer Deans, and another member of the Board. Bujold's behavior continued all the same. He continued to confront Banks and call her a liar. He would angrily say to her: "this better be in here when I check tomorrow" and "I have to check on you people."

Banks complained to Deans again in March 2021. By this point, Banks had decided to limit her contact with Bujold to email communication only, "in order to avoid his racially charged verbal attacks and intimidating behavior." Again, however, Bujold's behavior continued. He began to "stalk" Banks's work area. He would enter the area, stare at her for several moments, and then say, "I have to check on you people to make sure you are doing your job" and "you have been lying," then exit the area. Bujold did so about ten or fifteen times between March 2021 and August 2021. He would also "peer through the glass door" at Banks, staring at her for several moments. Then, in June 2021, Bujold began to relay falsehoods about Banks to other members of the Board: that she "was engaging in unprofessional conduct towards residents and visitors."

On one occasion in July, Bujold "sat in the lobby" near Banks's work area, watching her while she was working. Throughout that time, he was making audible comments like "always lying" and "having to watch people like you." At a time not specified in the complaint, Banks

reported this incident "to a Board member." Finally, the Board abruptly terminated Banks on August 13, 2021. She filed this case on April 15, 2022.

## II. Legal Standard

To survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). A claim is facially plausible when it alleges facts that permit the court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* The complaint need not be detailed, but it must contain more than plain legal conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the court accepts the well-pled factual allegations as true. *Ashcroft*, 556 U.S. at 678. The court is not bound, however, to accept as true legal conclusions dressed up as factual allegations. *Bell Atl. Corp.*, 550 U.S. at 555.

## III. Discussion

The Association and Bujold seek to dismiss Count 1 for race discrimination and Count 2 for hostile work environment, but not Count 3 for retaliation. Their arguments are discussed in turn.

### A. Race Discrimination

Count 1 alleges employment discrimination based on race under 42 U.S.C. § 1981. That law "protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (simplified). "In an employment-discrimination context, the elements" for a § 1981 claim "are identical to those required to prove intentional discrimination under Title VII," and thus, "a plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for

the position, (3) he suffered an adverse employment action, and (4) he was treated less favorably than a similarly-situated individual outside his protected class." *Rodemaker v. Shumphard*, 859 F. App'x 450, 451-52 (11th Cir. 2021).[1] That is, if the plaintiff is proceeding with a circumstantial case of discrimination. *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003). If not done circumstantially, a plaintiff may also show discrimination with direct evidence or statistical evidence. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Banks does not make any allegations concerning statistical evidence, so the Court only considers her allegations through the lenses of direct and circumstantial evidence.

Direct evidence is evidence that "establishes the existence of discriminatory intent behind the employment decision without any inference or presumption." *Id.* As a result, "remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Id.* In her opposition to the motion to dismiss, Banks claims that she has alleged direct evidence of discrimination. But Banks does not cite any allegation in the complaint for support. And the only alleged evidence at all of race-based discrimination is that Bujold referred to Banks on several occasions with the phrase "you people." But that is not direct evidence: there is no allegation in the complaint that Bujold was a decisionmaker in Banks's termination or that this phrase was used during the decision-making process that led to her termination. Without any such allegations, one many only conclude that racial animus motivated the termination by inference from Bujold's use of this phrase. Resort to inference,

---

[1] Banks argues that this is the incorrect standard for her claims, citing *Jackson v. BellSouth Telecommunications* for the proposition that "[t]o state a claim of race discrimination under § 1981, a plaintiff must allege facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." 372 F.3d 1250, 1270 (11th Cir. 2004). However, when the panel in the *Jackson* case recited the elements of a § 1981 claim, it cited *Rutstein v. Avis Rent–A–Car Sys., Inc.*, 211 F.3d 1228, 1235 (11th Cir.2000). *See Jackson*, 372 F.3d at 1270. That case, in turn, explains that "to make out a prima facie case of *non-employment* discrimination . . . under section 1981," a plaintiff must establish the three elements listed above. *Rutstein*, 211 F.3d at 1235 (emphasis added). In short, this formulation of the elements is meant to apply only in non-employment cases.

however, necessarily takes the alleged statements out of the category of direct evidence and places them into the category of circumstantial evidence.

Banks can only state a claim, then, if she can do it circumstantially under the elements listed above. There's no doubt that she has done so as to the first three elements: Banks is an African American woman that maintained an exemplary employment record before her unexpected termination. The Association and Bujold do not dispute these elements in their motion to dismiss. Instead, they attack the last prong: that the Association and Bujold treated Banks less favorably than other similarly situated people outside her protected class. The Association and Bujold point out that the only alleged comparator is a white-Hispanic male who Banks describes as a "contracted" employee, which is insufficient. For support, they rely on Judge Marra's conclusion in *Benjamin v. Holy Cross Hospital, Inc.* that an independent contractor was not a sufficient comparator to a full-time employee. 2013 WL 1334565, at *7 (S.D. Fla. Mar. 29, 2013).

Regardless of whether that is true, there is a greater deficiency in the complaint in this case. Ordinarily, to allege a sufficient comparator for discrimination purposes, the plaintiff must point to an individual that has (1) engaged in the same basic conduct or misconduct as the plaintiff, (2) been subjected to the same employment policy, guidelines, or rules as the plaintiff, (3) been under the same jurisdiction of the same supervisor as the plaintiff, and (4) shared the plaintiff's employment or disciplinary history. *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1227 (11th Cir. 2019). Yet here, the complaint lacks any material relating to any of these factors. Other than the fact that the alleged comparator is a white-Hispanic contract worker, nothing can be known about him. While Eleventh Circuit precedent does not require that Banks set out a full prima facie case under *McDonnell Douglas* to survive a 12(b)(6) motion, she still

must plead sufficient facts to raise a plausible inference of discrimination. *See Gomez v. City of Doral*, 2022 WL 19201, at *2 (11th Cir. Jan. 3, 2022). Her single allegation about the use of the phrase "you people" does not do that.

For these reasons, Banks has not plausibly alleged that the Association and Bujold treated her less favorably than similarly situated individuals.[2]

**B.      Hostile Work Environment**

Count 2 alleges that Bujold and the Association created a hostile work environment in violation of § 1981. To establish a hostile work environment claim, a plaintiff must show that: (1) she belongs to a protected group; (2) she has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee—in this case, her race; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or of direct liability. *Miller v. Kenworth of Dothan*, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).

The fourth consideration is evaluated on both an objective and subjective basis: to be actionable, the alleged behavior must result in an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceived as abusive. *Id.* at 1276. The Eleventh Circuit evaluates objective severity by looking to the frequency of the conduct, the severity, whether it was physically threatening or purely verbal, and whether the conduct interferes with the employee's job performance. *Id.* No one factor is dispositive—

---

[2] Banks does not necessarily have to allege all of these factors to state a claim for discrimination based on circumstantial evidence. Plaintiffs may also present a "convincing mosaic of circumstantial evidence" that permits an inference of intentional discrimination by the decisionmaker. *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). But this method is not seriously in play. Banks alleges only that Bujold referred to her several times using the phrase "you people." That by itself does not approach a "mosaic" of circumstantial allegations.

courts are to consider them in their totality. *Id.* Under this standard, Banks has failed to state a claim for hostile work environment.

Bujold's alleged conduct here—calling Banks a liar, referring to her as "you people," standing close to her, peering through the window at her, accusing her of poor performance, and yelling at her—falls short of creating a hostile work environment. A survey of Eleventh Circuit precedent confirms that the alleged conduct here is not "severe" as that term is used in the case law. *See Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1254 (11th Cir. 2014) (confederate flag on co-worker clothing, racist graffiti in the men's room, and several racial slurs); *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 578-79 (11th Cir. 2000) (supervisor suggestively touched plaintiff on several occasions, lifted her dress, asked her to lunch, told her she was beautiful, stared at her, and called her at home on numerous occasions).

Take, for example, Judge Altonaga's application of the relevant precedent in *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335 (S.D. Fla. 2014). In that case, the plaintiff's supervisor hurled profane racial slurs at him on three separate occasions, gave him a workplace nickname referring to a movie character of the same race, aggressively berated him about his performance, and monitored the plaintiff during his work so as to intimidate him. *Id.* at 1337-38. The order explained that the three racial slurs were insufficiently severe, in part given their infrequency, but especially absent any allegation that they interfered with the plaintiff's job performance or involved physical harassment. *Id.* at 1341. And the other allegations were not race-related; instead, they reflected "boorish and rude behavior" which evidenced that the plaintiff's supervisor needed better manners and leadership skills. *Id.* But still, the behavior fell well short of creating a hostile work environment. *See id.*

Likewise here, the alleged slur—"you people"—is not severe enough on its own. There is no allegation that any of Bujold's conduct interfered with Banks's job performance. And while Banks alleges physical intimidation by "close" standing, this alleged physicality is not enough: if the Eleventh Circuit has found a short, physical "tussle" to lack sufficient severity, then standing close so as to intimidate an employee is also not severe. *See Brathwaite v. Sch. Bd. of Broward Cnty., Fla.*, 763 F. App'x 856, 859 (11th Cir. 2019). Finally, though the alleged conduct is somewhat frequent—ten to fifteen occasions from March to July—that factor is not enough to overcome the deficiency in the other three considerations just discussed. Not to mention, it is questionable whether the use of the phrase "you people" is enough to meaningfully link the other alleged conduct to Banks's protected status. *Cf. Cheatham v. DeKalb Cnty., Georgia*, 682 F. App'x 881, 888 (11th Cir. 2017); *Trask v. Sec'y, Dep't of Veterans Affs.*, 822 F.3d 1179, 1196 (11th Cir. 2016) ("[T]he plaintiffs must show the hostile treatment was *based on* their protected status." (emphasis in original)).

Accordingly, Banks has failed to state a claim for hostile work environment.

**IV. Conclusion**

The motion to dismiss, **(D.E. 16)**, is **GRANTED**. Accordingly, Counts 1 and 2 are **DISMISSED** for failure to state a claim upon which relief may be granted.

DONE AND ORDERED in Chambers at Miami, Florida, this 20 of July 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record